# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

RONNIE GORDON, *et al.*, )
 )
 Plaintiffs, )
 )
v. )
 ) Case No. CV416-00252
JOHN T. WILCHER, *et al.* )
 )
 Defendants. )

## ORDER

Proceeding *pro se* and *in forma pauperis* (IFP), Ronnie Gordon and 55 of his fellow inmates bring this 42 U.S.C. § 1983 action against the county prison administrator, sheriff, sheriff's office, an officer at the prison where they are incarcerated, and "J. Walter."

## I. BACKGROUND

Plaintiffs are incarcerated at Chatham County Detention Center (CCDC). They allege that one inmate, Zicron McKinney, found a live maggot in his meal on September 6, 2016, and after the food was taken back to the kitchen, other inmates continued to be served from the same (presumably maggot-contaminated) pots. Defendant Cpl. Bryant was on duty but had left his post without authorization and was thus

unavailable to help immediately address the matter.

Plaintiffs also complain about the generally un-hygienic conditions of the kitchen coolers, which "are nasty with black tar looking stuff around the groove[s]." They allege that these conditions are "cruel and unusual" and violate their due process rights, and they seek "declaratory and injunctive relief" as well as compensatory and punitive damages and costs of suit.

## II. PLAINTIFFS MAY NOT PROCEED TOGETHER *IN FORMA PAUPERIS*

Because the plain language of the Prison Reform Litigation Act (PLRA) requires that each prisoner proceeding *in forma papueris* (IFP) pay the full filing fee, in a multi-plaintiff action *each* individual prisoner-plaintiff must pay to play or face dismissal. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) ("the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of the filing fee'"). This "modest monetary outlay" forces prisoners to "think twice about the case and not just file reflexively." *Id.* at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1005) (statement of Sen. Kyl)).

Plaintiffs are in a similar position to those in *Hubbard*. Allowing

2

them to proceed IFP together would, presumably, permit them to divide the filing fee among themselves and defy the PLRA's mandate that each prisoner pay the full filing fee. *Id.* at 1197; *see* 28 U.S.C. § 1915(b)(1). As incarcerated prisoners, plaintiffs must abide the PLRA's requirements by being *solely* responsible for their own filing fees, if they wish to proceed either in an individual action or together with co-plaintiffs[1] in this action.[2]

---

[1] Plaintiffs are cautioned that Ronnie Gordon, lead plaintiff in the case, cannot represent his fellow inmates in a class action without the assistance of counsel. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of portion of prisoner's complaint seeking relief on behalf of fellow inmates); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of a class action brought by a *pro se* litigant proceeding IFP).

[2] Plaintiffs are further cautioned that, even if they timely submit the required forms, their complaint may not survive screening under 28 U.S.C.§ 1915A. Even taking their allegations as true, the alleged maggot incident was not objectively, sufficiently serious to constitute a violation of the Eighth Amendment, and they have failed to allege a violation of the Fourteenth Amendment.

To prevail on their Eighth Amendment claim, plaintiffs must show that the condition of their confinement -- *i.e.*, their food -- "posed an unreasonable risk of serious damage to [their] future health." *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). The allegation that a maggot was found in someone's meal, on its own, cannot meet plaintiffs' burden of objectively proving that the incident posed an unreasonable risk of serious damage to their future health. Even liberally construing their complaint, plaintiffs proffer no evidence that any inmate suffered an injury as a result of the incident, much less suggest a risk to their future health.

Isolated incidents like this are rarely serious enough to constitute a violation of the Eighth Amendment. *See, e.g., Watkins v. Trinity Serv. Group Inc.*, 2006 U.S. Dist. LEXIS 85592 (M.D. Fla. Nov. 27, 2006) (isolated food poison and maggot incident were not sufficiently serious deprivations to violate prisoner's constitutional rights, as physical injuries of diarrhea vomiting, cramps, and nausea were considered *de minimis*); *Bennett v. Misner*, 2004 WL 2091473 *20 (D. Or., Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food

service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation"); *Islam v. Jackson*, 782 F. Supp. 1111, 1114 (E.D. Va. 1992) (an isolated two week period of food contamination, including food infested with maggots, not sufficiently serious); *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988) (a single incident of prisoner food poisoning is not a constitutional violation). Because the alleged maggot incident was a single, isolated event, it was simply not a sufficiently serious deprivation to violate plaintiffs' constitutional rights.

Plaintiffs' allegation that the kitchen coolers are unclean also fails to rise to the level of a constitutional violation. Courts have consistently ruled that the lack of sanitation in certain prison kitchen and food areas, while "appalling" and a risk factor for "contracting any number of food-borne diseases," does not in and of itself amount to an Eighth Amendment violation. *See Grubbs v. Bradley*, 552 F. Supp. 1052, 1128 (D. Tenn. 1982) (presence of vermin alone did not amount to a constitutional violation); *Bennett*, 2004 WL 2091473 at *20.

Moreover, plaintiffs have not shown that defendants acted with deliberate indifference. To show that defendants were acting with deliberate indifference requires a showing that they knew of, and disregarded, an excessive risk to the prisoners' health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Lamarca v. Turner*, 995 F.2d 1526, 1536 (11th Cir. 1993) (to demonstrate an official's deliberate indifference, the prisoner must prove that the official possessed knowledge of the condition and the means to cure that condition).

Plaintiffs do not assert that the jail staff acted with deliberate indifference when the maggots were discovered. On the contrary, their allegations demonstrate deliberate *concern* for the nutritional and medical needs of the inmates. Plaintiffs allege that wing officer Faison "did all that she could do to resolve the matter," but that defendant Cpl. Bryant was not available to assist her. Doc. 1 at 3. Then, the contaminated tray of food "was taken out and replaced with pack-outs" and more food was brought out. *Id.* It is unclear how one officer's unavailability to help Officer Faison take immediate action to remedy the situation could possibly mean that defendants were indifferent to the situation.

Plaintiffs' complaint contains no allegations that defendants failed to feed them, or that defendants fed them nutritionally inadequate food, other than the single, isolated instance on September 6, 2016. Therefore, the complaint fails to establish that defendants acted with sufficient culpability, and the court must dismiss plaintiffs' complaint. *See Islam*, 782 F. Supp. at 1115.

Finally, Plaintiffs cannot base a Fourteenth Amendment claim on an alleged violation of their Eighth Amendment rights because any harm was *de minimis*, and (as discussed above) defendants did not act with deliberate indifference. To the extent their Fourteenth Amendment claim is based on defendants' failure to respond to their food-related grievance -- and even assuming defendants did not properly respond to their grievance -- plaintiffs cannot seek redress under the Fourteenth

4

## III. CONCLUSION

Plaintiffs cannot proceed jointly without each being individually responsible for their own filing fee. The PLRA, Pub. L. No. 104-134, 110 Stat. 1321, enacted requires *all* prisoners, even those who are allowed to proceed *in forma pauperis*, to pay the full filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Prisoner litigants allowed to proceed *in forma pauperis* must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to, or average monthly balance in, the prisoner's account for the 6-month period immediately preceding the filing of the complaint. Prison officials are then required to collect the balance of the filing fee by deducting 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in plaintiff's account exceeds $10 until the full filing fees are paid." *Id*. The entire filing fee must be paid even if the suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

---

Amendment. *See Crenshaw v. Lister*, 2005 WL 1027326 at *3 (M.D. Fla. Mar. 29, 2005) (prison official's failure to process a prisoner's grievances does not give rise to a due process violation).

In addition to requiring payment of the full filing fee, the Act now requires prisoners to exhaust all administrative remedies before challenging "prison conditions" in a civil action. 42 U.S.C. § 1997e; *see* 18 U.S.C. § 3626(g)(2). All prisoner civil rights actions filed after April 26, 1996 are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted. Moreover, even if the complaint is dismissed for failure to exhaust, the prisoner will still be responsible for payment of the full filing fee.

The law also provides that prisoners cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this "three strikes" rule is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because of these changes in the law, the Court will give plaintiffs an opportunity, individually, to voluntarily dismiss the complaint pursuant to Fed. R. Civ. P. 41(a)(1). Such a voluntary dismissal will not require plaintiffs to pay their individual filing fee or count as a dismissal

which may later subject plaintiffs to the three-dismissal rule under § 1915(g). They must respond with this Order within 21 days after it is served upon them, otherwise risk dismissal on abandonment grounds. Should any or all insist on continuing this lawsuit, the Court will furnish each of them with a form § 1983 Complaint and mandatory IFP forms.

**SO ORDERED**, this  27th   day of September, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA