# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

RONNIE GORDON, )
 )
    Plaintiff, )
 )
v. )
 ) CV416-252
JOHN T. WILCHER, *et al.* )
 )
    Defendants. )

## **REPORT AND RECOMMENDATION**

Proceeding *pro se* and *in forma pauperis* (IFP), Ronnie Gordon brings this 42 U.S.C. § 1983 action against the county "jailhouse" administrator, sheriff, sheriff's office,[1] and several officers at the detention center where he is confined, and "J. Walter."

## I. BACKGROUND

Plaintiff is confined at the Chatham County Detention Center (CCDC). He alleges that a live maggot was found in one of the meal

---

[1] The "sheriff's office" "has no independent legal existence and therefore is not an entity that is subject to suit under § 1983." *Logue v. Chatham Cty. Det. Ctr.*, 2008 WL 895717 at * 2 (S.D. Ga. Apr. 2, 2008); *see Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff's departments are not legal entities subject to suit or liability under § 1983); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (city police department is not an entity subject to suit under § 1983 because it "is merely the vehicle through which the City government fulfills its policing instructions.").

trays and that, despite filing a grievance regarding the maggot and the generally "nasty kitchen" conditions, he and other prisoners continue to be fed from the same tray. Doc. 6 at 5. He claims that these conditions are "cruel and unusual" and violate his rights, and he asks for a court order requiring the CCDC kitchen "to be inspected thoroughly and cleaned up to city standards, the same as any rest[a]urant in Savannah." *Id.* at 7. He also seeks $30,000 in damages "for [his] rights being violated." *Id.*

**B.  ANALYSIS**

As warned in this Court's initial screening order, the alleged maggot incident was not sufficiently serious to constitute a violation of the Eighth Amendment. Doc. 3 at 3 n. 2. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (to be actionable under the Eighth Amendment, a conditions-of-confinement claim must meet both an objective and subjective requirement: (1) the alleged deprivation must be "sufficiently serious," and (2) the prison official must have a a "sufficiently culpable state of mind"); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (the Constitution "'does not mandate comfortable prisons,' and only deprivations of 'the minimal civilized measure of life's necessities' are

sufficiently grave to form the basis of an Eighth Amendment violation.").

Gordon has not shown that, viewed objectively, "he is incarcerated under conditions posing a risk of serious harm" to his present or future health. *Farmer*, 511 U.S. at 834; *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). The allegation that a maggot was found in an unnamed prisoner's meal tray, on its own, cannot meet plaintiff's burden of establishing that he is exposed to inhumane conditions of confinement that endanger his health or safety. Even liberally construing his complaint, plaintiff never asserts that he or any other inmate suffered an injury as a result of the incident, much less suggests that this single incident, however unappetizing, poses a serious risk to his future health. *See* doc. 6 at 5 (alleging that he is "really afraid to eat or drink from anything that comes from the kitchen" and that "it is mentally challenging to eat any of the food here without thinking about the live maggot roaming around in the tray.").

Isolated incidents like this are rarely serious enough to constitute a violation of the Eighth Amendment. *See, e.g., George v. King*, 837 F.2d 705, 707 (5th Cir. 1988) (a single incident of prisoner food poisoning is not a constitutional violation); *Watkins v. Trinity Serv. Group Inc.*, 2006

3

U.S. Dist. LEXIS 85592 (M.D. Fla. Nov. 27, 2006) (isolated food poison and maggot incident were not sufficiently serious deprivations to violate prisoner's constitutional rights, as physical injuries of diarrhea, vomiting, cramps, and nausea were considered *de minimis*); *Bennett v. Misner*, 2004 WL 2091473 *20 (D. Or., Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation"); *Islam v. Jackson*, 782 F. Supp. 1111, 1114 (E.D. Va. 1992) (an isolated two week period of food contamination, including food infested with maggots, not sufficiently serious). Because the alleged maggot incident was a single, isolated event, it was simply not a sufficiently serious deprivation to violate plaintiff's constitutional rights.[2]

Further, plaintiff has not alleged facts suggesting that defendants acted with the subjective mindset of "deliberate indifference." To establish the subjective component of an Eighth Amendment claim, a

---

[2] Plaintiff's allegation that the kitchen is "nasty" also fails to rise to the level of a constitutional violation. Courts have consistently ruled that the lack of sanitation in certain prison kitchen and food areas, even where "appalling" and a risk factor for "contracting any number of food-borne diseases," does not in and of itself amount to an Eighth Amendment violation. *See Grubbs v. Bradley*, 552 F. Supp. 1052, 1128 (D. Tenn. 1982) (presence of vermin alone did not amount to a constitutional violation); *Bennett*, 2004 WL 2091473 at *20.

4

plaintiff must demonstrate that the prison officials had actual knowledge of, but chose to disregard, an excessive risk to the prisoner's health or safety. *Farmer*, 511 U.S. at 837 (establishing a demanding standard for "deliberate indifference" that excludes *civil* recklessness (failure to act in the face of an excessive risk of harm that the defendant "should have" perceived) and requires *criminal* recklessness (subjective awareness, and conscious disregard, of an excessive risk to prisoner health or safety)); *see also Lamarca v. Turner*, 995 F.2d 1526, 1536 (11th Cir. 1993) (to demonstrate an official's deliberate indifference, the prisoner must prove that the official possessed knowledge of the condition and the means to cure that condition).

Plaintiff does not assert that the jail staff acted with deliberate indifference when the maggots were discovered. On the contrary, his allegations demonstrate deliberate *concern* for the nutritional and medical needs of the inmates. Plaintiff alleges that wing officer Faison "did all she could do to resolve the situation," including "call[ing] it in" to report the incident to her superiors. Doc. 6 at 5. He further alleges that "no one from administration acknowledge[d] this situation. To be honest they probably don't know about any of this." *Id.* at 6. Although

5

plaintiff alleges no later actions were taken to somehow involve the detention center "administration" in the maggot incident, these allegations -- that prison staff immediately responded to complaints about the maggot -- refute (not establish) a claim of deliberate indifference.

Plaintiff's complaint contains no allegations that defendants failed to feed him, that defendants fed him nutritionally inadequate food, or (other than the single, isolated instance on September 6, 2016) that they prepared his food in an unsanitary manner. Therefore, the complaint fails to allege either that, objectively, he was exposed to a serious risk of harm to his health or safety, *Farmer*, 511 U.S. at 834, or that defendants were consciously indifferent to any such excessive risk. Therefore, his complaint fails to state a constitutional claim under the Eighth Amendment.[3]

## III. CONCLUSION

Plaintiff was cautioned by the Court that, "even taking [his]

---

[3] To the extent plaintiff seeks to assert a Fourteenth Amendment due process claim based on defendants' failure to respond to his food-related written grievance -- and even assuming defendants did not properly respond to his grievance -- plaintiff cannot seek redress under the Fourteenth Amendment. *See Crenshaw v. Lister*, 2005 WL 1027326 at *3 (M.D. Fla. Mar. 29, 2005) (prison official's failure to process a prisoner's grievances does not give rise to a due process violation).

allegations as true, the alleged maggot incident was not objectively, sufficiently serious to constitute a violation of the Eighth Amendment, and [he has] failed to allege a violation of the Fourteenth Amendment," and he was given the opportunity to abandon the action before incurring any filing fee. Doc. 3 at n. 2. Despite that admonition, plaintiff insisted on filing an amended complaint repeating (albeit with *less* details) the allegations of his initial, legally defective complaint. Gordon has demonstrated that a further attempt to amend his complaint would not reveal additional facts correcting the above-identified deficiencies.

In sum, plaintiff's complaint should be **DISMISSED**. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this \_\_20th\_\_ day of December, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA